### GAHR v SMITH, Extr., Etc.

Ohio Appeals, 1st Dist., Hamilton Co.

No. 6121. Decided Feb. 24, 1942.

Robert M. Ochiltree, Cincinnati, and Benjamin H. Stites, Cincinnati, for appellant.

Dinsmore, Shohl, Sawyer & Dinsmore, Cincinnati, for appellees.

### OPINION

BY THE COURT:

The notice of appeal recites that the appeal is taken from an order overruling in part an amended motion for an inspection of correspondence, letters, and telegrams, with privilege to make copies.

The case comes before the court upon the appellee's motion to dismiss on the ground that the order from which an appeal is attempted is not a judgment or final order.

The question presented is not distinguishable in principle from that presented in **Ryan v The Kroger Grocery & Baking Co., 56 Oh Ap.** The first and second paragraphs of the syllabus of that case are:

"1. A judgment or final order from which an appeal may be taken to the Court of Appeals is one that divests some right in such a manner as to place it beyond the power of the court making it to place the parties in their

original position after the expiration of the term at which it is made.

"2. An order of a trial court striking from the files matters pleaded as a defense. in ·the answer of defendant as being insufficient in law and barring the pleading of such defense upon a failure to file an amended answer within a specified time limit is not a judgment or final order upon which an appeal to the Court of Appeals may be predicated."

In the case at bar the Common Pleas Court may, notwithstanding the order appealed from, grant the right to an inspection at any time prior to or during the trial, or even after trial may grant a new trial on the ground of an erroneous ruling on the subject. The question is not finally concluded until a judgment on the merits of the issues raised by the pleadings has been rendered.

. Counsel relies on Arbuckle v The Woolson Spice Co., 21 C. C. 347. But that case involved no question of jurisdiction. It came before the Circuit Court upon a motion for an inspection filed in that court. The court was not reviewing an order made by some other court. It was hearing the question de novo in a case pending before it under jurisdiction conferred by the statutes. There was no question as to the jurisdiction of the court. Whereas, the only question raised by the motion in the case at bar is whether the court has any power to inquire as to the correctness of the order already made by the Court of Common Pleas.

Counsel also relies upon Hamilton v Temple, 60 Oh Ap 94, which held that this court had jurisdiction to review an order dissolving an attachment on appeal from that order before final judgment had been rendered in the principal case in which the order had been made. However, as pointed out in that case the order of dissolution deprived the plaintiff of his lien and his right to subject the property to his claim in that action. If the attachment was dissolved, the lien was destroyed, the property freed, and the plaintiff's hold could only be restored by a new seizure. The order would deprive the plaintiff of a substantial right in such a way that it could not be restored.

The situation in the case at bar is entirely different. There is no finality to the order. It is interlocutory and in the power of the court, ▆▆▆▆ so that if the plaintiff has been deprived of a right it can be restored to him at any time either before or after the expiration of the term at which the order was made.

We are of the opinion that the order appealed from is not a judgment or final order and that the notice of appeal therefrom conferred no jurisdiction upon this court.

The motion to dismiss is, therefore, sustained.

MATTHEWS, PJ., HAMILTON & ROSS, JJ., concur.